UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY BERTRAND,<br><br>                        Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>                        Respondent. | Case No.: 21cv0771 GPC (RBM)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, proceeding pro se, submitted a Petition for a Writ of Habeas Corpus and paid the $5.00 filing fee. (ECF No. 1.) The Court **DISMISSES** the case without prejudice.

### **FAILURE TO STATE A COGNIZABLE CLAIM**

The Petition must be dismissed under Rules 2(c) and 4 of the Rules Governing Section 2254 Cases because Petitioner has failed to articulate any grounds for relief and has failed to allege that he is in custody pursuant to a state court conviction or sentence which violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he

is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). See Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir. 1988); Kealohapauole v. Shimoda, 800 F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).

Petitioner fails to state a cognizable claim because he has not alleged a constitutional violation.  A review of the Petition reveals that it fails to articulate any grounds for relief. (See ECF No. 1 at 6-9.)  The only attachment to the Petition appears to be Petitioner's birth certificate, which Petitioner has included without any accompanying statement of explanation.  (Id. at 12.)  Rule 2(c) of the Rules Governing Section 2254 Cases requires in relevant part that "[t]he petition: (1) must specify all grounds for relief available to the petitioner [and] (2) state the facts supporting each ground." Rule 2(c)(1)-(2), 28 U.S.C. foll. § 2254.  See also Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief).  Here, Petitioner has violated Rule 2(c).  Petitioner not only fails to state any grounds for relief in the Petition, but he also fails to state any factual allegations.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254.  Here, it is plain from the Petition and attached exhibit Petitioner is not presently entitled to federal habeas relief because he does not state any grounds for relief and therefore in no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

///

Further, the Court notes that Petitioner may not be able to simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims in a federal habeas action. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Ordinarily, to satisfy the exhaustion requirement, a petitioner "'must fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available. Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (emphasis added).

The Court additionally cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

///

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), but see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

## **FAILURE TO NAME A PROPER RESPONDENT/CUSTODY**

Review of the Petition also reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

Here, Petitioner has not named any respondent. Based on this Court's review of the Petition, it is unclear whether Petitioner could not name a proper Respondent because he was not in actual or constructive custody at the time the Petition was filed. Petitioner does not include a prison number on his petition form and lists his current address as "2110 Basswood Ave., Carlsbad, CA 92008." (ECF No. 1 at 1.) Moreover, while Petitioner states his arrest date was January 29, 2021, sentencing date was April 1 and he was sentenced to a term of 3 years, 8 months, with respect to sentence start date and projected release date, Petitioner indicates: "Jan 29, 2021. I was released from custody on April 12 + am in a program." (Id. at 1-2.)

"Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" Brock v. Weston, 31 F.3d 887, 889 (9th Cir. 1994); see also 28 U.S.C.§ 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); see Carafas v. LaVallee, 391 U.S. 234, 238 (1968)). Current imprisonment is not required, however, to satisfy the custody requirement; a petitioner can meet this requirement if he suffers from substantial restraints not shared by the public generally as a result of the conviction he is challenging. See e.g., Hensley v. Municipal Court, 411 U.S. 345, 351 (1973) (release on own recognizance); Jones v. Cunningham, 371 U.S. 236, 243 (1963) (parole); United States v. Span, 75 F.3d 1383, 1386 n.5 (9th Cir. 1996) (probation); Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964) (probation).

If a "petitioner is on probation or parole, he may name his probation or parole officer '*and* the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.'" Ortiz-Sandoval, 81 F.3d at 894 (quoting Rule 2, 28 foll. U.S.C. § 2254 advisory committee's note). A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has not named any Respondent and simply states he is in a "program." (See ECF No. 1 at 1-2.) In the event Petitioner is in the custody of a probation, parole, or correctional agency, and in order for this Court to entertain a Petition for Writ of Habeas Corpus, Petitioner must indicate he is in custody and must name the official in charge of the agency. See Ortiz-Sandoval, 81 F.3d at 894.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court **DISMISSES** this case without prejudice. In order to proceed with this habeas action, Petitioner must, on or before **June 24, 2021**, file a First Amended Petition that raises a cognizable federal claim, alleges exhaustion of state judicial remedies, demonstrates he was in actual or constructive custody (i.e., probation or parole) at the time he filed the Petition in this case, and names a proper Respondent. The Clerk of Court shall send a blank Southern District of California amended §2254 habeas petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: April 26, 2021

Hon. Gonzalo P. Curiel
United States District Judge